# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PERCY FORD,**

**Plaintiff,**

**v.**

**RONALD EUGENE KECK,**

**Defendant.**                                       **No. 06-CV-292-DRH**

## ORDER

**HERNDON, District Judge:**

Plaintiff Percy Ford ("Plaintiff") originally brought this action in the Circuit Court of St. Clair County, Illinois on February 9, 2006. (Doc. 2.) On April 10, 2006, Defendant Ronald Keck ("Defendant") removed this case from the Circuit Court of St. Clair County, Illinois. (Doc. 1.) Defendant premises his removal entirely on one issue: the fact that Plaintiff has not affirmed in an affidavit that he will accept no more than the federal jurisdictional floor of $75,000. (*Id.*)

A district court has an independent duty to verify its jurisdiction. ***Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004)**. To satisfy the diversity-jurisdiction requirements, a removing defendant has the burden of demonstrating a good faith, minimally reasonable belief that the claim might result in a judgment in excess of $75,000. **28 U.S.C. § 1332**; ***Neuma, Inc. v. AMP, Inc.* 259 F.3d 864, 881 (7th Cir. 2001)**; ***Normand v. Orkin Exterminating Co.*, 193 F.3d 908, 910 (7th Cir. 1999)**. Jurisdiction cannot, however, "be conferred by

stipulation or silence." ***In re Brand Name Prescription Drugs Antitrust Litig.*,
248 F.3d 668, 671 (7th Cir. 2001)**. This is precisely how Defendant attempts to procure jurisdiction here — exclusively through Plaintiff's silence in the face of Defendant's attempts to obtain an affidavit from him limiting his potential recovery. Alone, the Court finds that this is an insufficient basis for diversity jurisdiction. Because it appears from the face of the complaint that the $75,000 amount-in-controversy amount has not been met, the Court **ORDERS** Defendant to file a brief by April 28, 2006 demonstrating how, at the time of removal, it determined the amount in controversy other than through Plaintiff's silence. Defendant is warned that his failure to file a brief may result in remand.

**IT IS SO ORDERED**.

Signed this 12th day of April, 2006.

/s/      David RHerndon
**United States District Judge**