IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PERCY FORD,**

**Plaintiff,**

v.

**RONALD EUGENE KECK,**

**Defendant.**                                              **No. 06-CV-292-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Now before the Court is a motion to remand submitted by Plaintiff Percy Ford ("Plaintiff"). (Doc. 8.) Plaintiff originally filed this case in St. Clair County Illinois on February 9, 2006. (Doc. 2.) Roughly two months later, Defendant Ronald Eugene Keck ("Defendant") removed to this Court. (Doc. 1.) Defendant's removal was premised on diversity jurisdiction. (*Id.*) With regard to **28 U.S.C. § 1332**'s $75,000 amount-in-controversy requirement, Defendant argued that this threshold was met due to the sole fact that Plaintiff refused to admit that the amount in controversy does not exceed $75,000. (Doc. 1, ¶ 4.)

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. ***See* 28 U.S.C. § 1441**; ***Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**. Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. The burden of

establishing jurisdiction in the federal courts falls on the party seeking removal. ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**; *see also* ***Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)**.  If material factual allegations relating to jurisdiction are contested, the removing party must prove the facts supporting jurisdiction by a preponderance of the evidence. ***Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)**

For diversity jurisdiction to be proper in the federal courts, the amount in controversy must exceed $75,000.  **29 U.S.C. § 1332(a)**.  It is the removing defendant's obligation to establish that this threshold has been exceeded.  ***Brill*, 427 F.3d at 448**.  As the Seventh Circuit recently explained,

> [T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done — by contentions interrogatories or admissions in state court; by calculation from the complaint's allegations (as in *Brill*); by reference to the plaintiff's informal estimates or settlement demands (as in *Rising-Moore*); or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.  The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant).  Once the estimate has been made — and contested factual allegations that support the estimate have been established in a hearing under Rule 12(b)(1) by admissible evidence (that's what "competent" proof means) — then the *St. Paul Mercury* standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.

***Meridian*, 441 F.3d at 541-42**.  Here, Defendant has opted to use one method, and

one method alone, to establish the amount in controversy: he argues that because Plaintiff refused to admit that the amount in controversy is not greater than $75,000, then the amount in controversy exceeds $75,000. (Docs. 1, 6, 10.)  The Court is not convinced.  Though a party's stipulation that the amount in controversy is below the jurisdictional threshold is sufficient to require remand, *see* ***In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 670-71 (7th Cir. 2001)**, a party's refusal to admit that the amount in controversy does not exceed the threshold does not automatically do the opposite.  Here, Defendant has introduced no argument or evidence — such as affidavits, interrogatories, calculations based on the Plaintiff's complaint, references to Plaintiff's own estimates, or otherwise — other than Plaintiff's refusal to admit to establish that the amount in controversy exceeds $75,000.  By itself, this refusal to admit is insufficient to satisfy Defendant's burden.

Accordingly, because Defendant has failed to establish, by a preponderance of the evidence, that the amount in controversy here exceeds $75,000, and because he bears the risk of nonpersuaion, ***Meridian*, 441 F.3d at 540**, this Court **GRANTS** Plaintiff's Motion to Remand (Doc. 8) and **REMANDS** this case to the St. Clair County Circuit Court.

    **IT IS SO ORDERED.**

Signed this 7th day of August, 2006.

                                        /s/        David    RHerndon
                                        **United States District Judge**